UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CLAUDETTE BREVE                                    CIVIL ACTION

v.                                                 NO. 16-17783

RITZ CARLTON HOTEL                                 SECTION "F"
COMPANY, LLC

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the Ritz Carlton Hotel Company, LLC's motion for summary judgment, noticed for submission on December 20, 2017, has been submitted.

Accordingly, because the motion is unopposed, and further, it appears to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Claudette Breve was employed at the Ritz Carlton in New Orleans from 2000 until she was terminated in 2012, along with her co-worker, Ryan Turnage, for clocking out early. Following her termination, she sued the Ritz Carlton in this Court under the Age Discrimination in Employment Act, alleging discrimination. Judge Brown dismissed the case without prejudice on August 29, 2013. Mr. Turnage did not make a claim. Sometime around May, 2016, a lobby concierge position became available. The hotel management allegedly reached out to Mr. Turnage and encouraged him to apply, which he did. The Ritz offered Mr. Turnage the position, but he turned it down. On June 3, 2016, the Ritz Carlton posted the position publically and opened it to all applicants. Ms. Breve applied on June 27, 2016, and was notified on July 2, 2016 that the position was no longer open and that the Ritz Carlton would not move forward with her candidacy. In response, Ms. Breve filed a charge of discrimination with the Equal Employment Opportunity Commission on September 16, 2016 against the defendant. She then

1

filed this suit on December 23, 2016, alleging that the defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and the Louisiana Employment Discrimination Law, LA. STAT. § 23:301, et seq. Ms. Breve claims that by failing to consider her application, the defendant is retaliating against her for her prior discrimination claim. She suggests that Mr. Turnage was offered the position, even though he was terminated for the same reason as Ms. Breve, because he did not file a discrimination claim.

In order to establish a prima facie case of retaliation, the plaintiff must prove: "(1) that she engaged in a statutorily protected activity; (2) that she experienced an adverse employment action following the protected activity; and (3) that a causal link exists between the protected activity and the adverse employment action." Nowlin v. Resolution Trust Corp., 33 F.3d 498, 507 (5th Cir. 1994); Evans v. City of Houston, 246 F.3d 344, 349, 351 (5th Cir. 2001)(noting that "[c]laims of racial discrimination under Title VII, age discrimination under the ADEA, and racial and age discrimination under the TCHRA are all evaluated within the same analytical framework"). The Supreme Court has held that to establish the causation requirement, the plaintiff must prove "that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Tex. Sw. Med. Str. v. Nassar, 133 S.Ct. 2517, 2533. Because the Louisiana Employment Discrimination Law is "identical" to the ADEA, "Louisiana courts have traditionally looked to federal case law for guidance." LaBove v. Raftery, 00-1394, 00-1423 (La. 11/28/01); 802 So.2d 566, 573; see also King v. Phelps Dunbar, LLP, 98-1805 (La. 6/4/99); 743 So.2d 181, 187; Barbe v. A.A. Harmon & Co., 94-2423, 94-2424 (La. App. 4 Cir. 1/7/98); 705 So.3d 1210, 1215.

The defendant contends that it was no longer considering applications by the time Ms. Breve submitted her application. The defendant submitted affidavits stating that the hiring decision was made by the Assistant Director of Human Resources and the Ritz Carlton Club Manager, in consultation with the Human Resources Manager. According to those individuals, the only applications reviewed were the eight applications submitted by June 18, 2016, a week and a half before Mr. Breve's submission. The individuals were not aware that Ms. Breve had even applied until she filed her EEOC claim on September 16, 2017. Ms. Breve stated in a deposition with the defendant that she had no evidence to rebut any of these findings. Ms. Breve cannot meet her burden to prove that the defendant's would have considered her application had it not

2

that the defendant's motion for summary judgment is hereby GRANTED as unopposed. The plaintiff's claims are hereby dismissed with prejudice.

New Orleans, Louisiana, December 18, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

intended to discriminate against her because those responsible for filling the position did not know she applied. As summary judgment is proper if the party opposing the motion fails to establish an essential element of his case, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), the defendant's motion for summary judgment is granted. See also Fed. R. Civ. Pro. 56 (instructing that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law); Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992) (holding that the non-moving party must come forward with competent evidence, such as affidavits or depositions, to buttress his claims); Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (finding that although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts").