UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAUDETTE BREVE                                  CIVIL ACTION

v.                                               NO. 16-17783

RITZ CARLTON HOTEL                               SECTION "F"
COMPANY, LLC


ORDER AND REASONS

Before the Court is the plaintiff's motion to reconsider the Court's Order and Reasons dated December 18, 2017, in which the Court granted the defendant's motion for summary judgment. For the following reasons, the motion is DENIED.

Background

Claudette Breve was employed at the Ritz Carlton in New Orleans from 2000 until she was terminated in 2012 for clocking out early. Her co-worker, Ryan Turnage, was also terminated for clocking out early. Following her termination, she sued the Ritz Carlton in this Court under the Age Discrimination in Employment Act, alleging discrimination. Judge Brown dismissed the case without prejudice on August 29, 2013 on the basis that the plaintiff's claims were subject to the Federal Arbitration Act. The plaintiff did not pursue her claims in arbitration. Mr. Turnage did not make a claim following his termination.

Sometime around May 2016, a lobby concierge position became available. The hotel management allegedly reached out to Mr.

1

Turnage and encouraged him to apply, which he did. The Ritz offered Mr. Turnage the position, but he turned it down. However, Mr. Turnage called Breve and notified her that the position was available. On June 3, 2016, the Ritz Carlton posted the position publically and opened it to all applicants. Ms. Breve applied on June 27, 2016, and was notified on July 2, 2016 that the position was no longer open and that the Ritz Carlton would not move forward with her candidacy. In response, Ms. Breve filed a charge of discrimination with the Equal Employment Opportunity Commission on September 16, 2016 against the defendant. She then filed this suit on December 23, 2016, alleging that the defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and the Louisiana Employment Discrimination Law, LA. STAT. § 23:301, et seq. Ms. Breve claimed that by failing to consider her application, the defendant is retaliating against her for her prior discrimination claim. She contends that Mr. Turnage was offered the position, even though he was terminated for the same reason as Ms. Breve, because he did not file a discrimination claim.

On December 5, 2017, the defendant moved for summary judgment, which was set for disposition on December 20, 2017. Although Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date, the plaintiff failed to file an opposition, move for an extension, or otherwise notify the Court

2

that the motion was opposed. On December 18, 2017, six days after the opposition was due, the Court granted the motion for summary judgement and dismissed the plaintiff's claim with prejudice. See Order and Reasons dtd. 12/18/17.

I.

Federal Rule of Civil Procedure 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "A Rule 59(e) motion to alter or amend a judgment 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Merritt Hawkins & Assocs. v. Gresham, 861 F.3d 143, 157 (5th Cir. 2017) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)). It "calls into question the correctness of a judgement." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). Accordingly, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

II.

Although motions for reconsideration are seldom granted, the Court prefers to render a decision after consideration of all parties' arguments. But the plaintiff's counsel fails to address

3

in her motion why reconsideration is appropriate here. She simply states that she was admittedly attending to other matters in the case and was supposedly ill when the opposition was due and the days following (without written notice to the Court).

Moreover, the plaintiff's opposition to the defendant's motion for summary judgement, included in her motion for reconsideration, fails to rebut that the defendant is entitled to summary judgment. In its December 18, 2017 Order and Reasons, the Court held that Breve failed to establish a causal link between her discrimination complaint and the defendant's failure to consider her for the concierge position. The defendant submitted evidence that there was no causal link because its employees responsible for filling the position were not aware that Breve applied. They only considered applications submitted by June 18th and Breve did not submit hers until June 27th. In Breve's opposition, she submits that initially the online application portal stated that her application was received but not yet reviewed, and then later stated that the position was closed. However, when she checked the defendant's website the same day, it still listed the position as available. Plaintiff contends that this creates a clear issue of material fact as to whether defendant reviewed applications after June 18th, contrary to the sworn affidavits the defendant submitted, because the position was listed as open on one website. The mere fact that the defendant

4

did not update the position on all websites does not rebut the defendant's representation of when it stopped reviewing new applications. Further, it matters little if the defendant was still actively accepting applications as long as they only reviewed applications received before June 27th, when Breve applied. Breve submits no evidence that the defendant may have been aware that Breve applied, or even reviewed applications submitted after June 18th.

Accordingly, IT IS ORDERED: that the plaintiff's motion to reconsider its December 18, 2017 Order and Reasons granting the defendant's motion for summary judgement with prejudice is DENIED.

New Orleans, Louisiana, January 9, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE